United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50801
Summary Calendar
_____

DONALD MUJOHADIN JOHNSON,

Plaintiff-Appellant,

versus

PHYLLIS H. SMITH, Mailroom Supervisor, Lynaugh Unit; U.S.
POSTMASTER-FORT STOCKTON, TEXAS; U.S. POSTMASTER-FORT WORTH,
TEXAS; CLAUDIA REEVES, Mailroom Supervisor, Estes Unit; J. GLENN,
Assistant Mailroom Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:03-CV-67
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donald Mujohadin Johnson, Texas prisoner # 638554, has filed
an application for leave to proceed in forma pauperis (IFP) on
appeal following the district court's dismissal of his 42 U.S.C.
§ 1983 civil rights complaint, wherein he alleged that prison
officials and United States postal employees mishandled his mail.
The district court denied Johnson leave to proceed IFP on appeal,
certifying that the appeal was not taken in good faith. By

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moving for IFP here, Johnson is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Liberally construed, Johnson's motion contends that 28 U.S.C. § 1915(a)(3)'s good faith requirement does not apply to prisoners. This argument lacks merit. See Baugh, 117 F.3d at 200. Liberally construed, Johnson's motion also argues generally that a claim dismissed for failure to state a claim on which relief can be granted is not automatically frivolous under § 1915(a)(3) and (e). However, Johnson does not contend that the district court in fact conflated those standards when denying IFP in his case.

Johnson does not challenge the district court's certification that his appeal was not taken in good faith. Therefore, Johnson's motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. Accordingly, Johnson's motion to proceed IFP on appeal is denied and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Although the district court also determined that its dismissal of several of Johnson's claims for failure to state a claim counted as a strike, we do not decide at

this time whether that dismissal in fact constitutes a second strike.  Johnson is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.