United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

*CORRECTED*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50947
Summary Calendar

DONALD M. JOHNSON,

Plaintiff-Appellant,

versus

SHERI TALLEY, Doctor,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:03-CV-119
--------------------

Before KING, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Donald M. Johnson, Texas prisoner # 638554, has filed an application for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against Texas Department of Criminal Justice (TDCJ) physician Sheri Talley. Johnson alleged that Talley acted with deliberate indifference to his medical needs while he was at the Lynaugh Unit because Talley provided

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him with the wrong type of knee brace to treat his osteoarthritis; took the knee brace away from him; allowed security to place him on the second floor in spite of orders from specialists that he be placed on the first floor; and treated his shoulder pain improperly. Johnson also contended that Talley's actions toward him were motivated by her bias against African Americans and Muslims. Johnson sought as relief monetary damages and a temporary restraining order.

The district court denied Johnson leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for IFP, Johnson is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Johnson argues that Talley acted with deliberate indifference to his medical needs when she failed to provide him with a knee brace, cane, or walking stick for most of his stay at the Lynaugh Unit. This argument alleges, at most, a difference in opinion or a malpractice claim concerning Johnson's medical treatment and thus does not establish an Eighth Amendment violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Johnson also contends that Talley was deliberately indifferent to his medical needs when she placed him on the second floor and in the hoe squad, both of which violated his medical restrictions. As the district court determined, Johnson

has not shown that he was injured by his placement on the second floor or in the hoe squad, and he concedes that he is no longer housed in the Lynaugh Unit. Accordingly, he may not recover on this claim under § 1983. See Farrar v. Hobby, 506 U.S. 103, 112 (1992). Although Johnson does argue in his IFP motion that climbing stairs and working in the hoe squad led to a torn meniscus, we will not consider this argument because it is being raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Furthermore, the issue is fact-based, and Johnson has not shown plain error. See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

Johnson also argues for the first time in his IFP motion that (1) Talley placed him on the second floor in retaliation for his filing complaints and grievances against her; and (2) Talley acted with deliberate indifference to his medical needs when she refused to authorize a surgery on his knee. Because these arguments are being raised for the first time on appeal, we do not consider them. See Leverette, 183 F.3d at 342.

Johnson's motion fails to show error in the district court's certification decision and fails to show that Johnson will raise a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Johnson's motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Our dismissal of the instant appeal and the district court's dismissal of Johnson's complaint for failure to state a claim each count as strikes for purposes of 28 U.S.C. § 1915(g). See Johnson v. Talley, No. P-03-CV-119 (W.D. Tex. Feb. 22, 2005); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal of a prior § 1983 appeal by Johnson as frivolous counts as a third strike. See Johnson v. Smith, No. 05-50801 (5th Cir. April 2, 2007). Because Johnson has accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.